UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KENTUCKY PETROLEUM OPERATING, LTD., | ) ) ) ) |
| Plaintiff, | ) ) Civil No. 12-164-ART ) |
| v. | ) ) **MEMORANDUM OPINION** |
| MAX L. GOLDEN, et al., | ) **& ORDER** ) ) |
| Defendants. | ) ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Over a year ago, Macar Investments, LLC ("Macar") and 7921 Energy, LLC ("7921") instituted an arbitration proceeding against Kentucky Petroleum Operating, LTD ("KPO"). *See* R. 32 at 2. The arbitrator ultimately determined that KPO and Kentucky Petroleum Operating, LLC (collectively, "the KPO Entities") had breached various agreements with Macar and 7921. *Id.* The arbitrator awarded Macar and 7921 damages and interests in certain wells and leases. *Id.* Macar and 7921 then moved this Court to enter judgment upon the arbitration award, *id.*, which the Court did. *Id.* at 5; R. 33.

Since then, Macar and 7921 have sought to enforce the Court's judgment through a variety of means. *E.g.*, R. 37; R. 63. The two motions currently pending in this case arise from their attempts to collect the money owed to them. *See* R. 63; R. 65. Because neither motion complies with the briefing requirements for federal court, the Court will deny KPO's motion to quash a garnishment order, R. 65, and will order a sur-reply on 7921 and Macar's motion to hold the KPO Entities in contempt, R. 63.

## I. Briefing Requirements in Federal Court

Before reaching the parties' motions, a quick primer on the briefing requirements for motions filed in federal court is necessary. The Court has already advised the parties of the inadequacy of their briefing on more than one occasion. When Max and Andrew Golden moved for summary judgment on KPO's claims, R. 28, the Court ordered supplemental briefing, explaining that the "parties' briefs rel[ied] on a hodgepodge of federal and state law and drift[ed] between discussions of claim and issue preclusion." R. 32 at 3. Later, when 7921 and Macar moved for an order directing Sunoco Partners Marketing Terminals, LP ("Sunoco") and Seminole Energy Services, LLC, to take certain actions, R. 37, the Court noted that the movants had entirely "failed to carry their burden." R. 59 at 2. Their motion did not "cite a single legal authority—case, statute, or even treatise—justifying their demands." *Id.* Because federal courts "'cannot write a party's brief, pronounce [themselves] convinced by it, and so rule in the party's favor,'" the Court denied the motion without prejudice. *Id.* (quoting *Xue Juan Chen v. Holder*, 737 F.3d 1084, 1085 (7th Cir. 2013)).

The parties' failure to carry their burden has three principal effects. First, it effectively places the Court in an inquisitorial posture—which is anathema to our adversarial system of adjudication. *See Xue Juan Chen*, 737 F.3d at 1085. Second, it prejudices the parties themselves. The lack of input from the parties compromises the Court's ability to issue the thoughtful, informed opinions that justice requires. Third, it wastes judicial resources, since the Court must hunt down information that the parties should have provided. Bearing these considerations in mind, the Court will turn to the two motions filed by the parties.

## II. KPO's Motion to Quash the Court's Order for Writ of Garnishment

Soon after the Court issued its judgment in this matter, 7921 applied for an order of garnishment against Sunoco. R. 60. The Clerk of the Court issued a garnishment order, R. 62, pursuant to Rule 69 of the Federal Rules of Civil Procedure and Ky. Rev. Stat. 425.501(1). The order required that Sunoco hold and safely keep $50,929.41 plus interest belonging to KPO. R. 62. According to an affidavit filed by Andrew Golden, a managing member of 7921, this sum represents the overriding royalty interest to which 7921 is entitled under the arbitration award, as confirmed by this Court's judgment. R. 61-1. KPO immediately moved to set aside, vacate, or quash the order. R. 65. KPO has not adequately briefed this motion, such that the Court can fairly determine whether its claims have merit. Therefore, the Court will deny its motion without prejudice.

The Court has "inherent power to enforce its judgment." *Virgo v. Riviera Beach Assocs. LTD*, 20 F. App'x 348, 350 (6th Cir. 2001) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (internal quotation marks omitted)). Rule 69 provides the mechanism to do so. Specifically, Rule 69 permits the Court to enforce a money judgment by a writ of execution or by another means that it selects. Fed. R. Civ. P. 69(a)(1). Because this Court sits in Kentucky, it must generally follow Kentucky procedural law for execution or proceedings supplementary to and in aid of execution. *Id.* In Kentucky, parties may seek a writ of garnishment as a method of executing judgments. *See Wade v. Poma Glass & Specialty Windows, Inc.*, 394 S.W.3d 886, 895 (Ky. 2012). Consequently, the Court has authority to oversee garnishment proceedings via Rule 69. *Travelers Cas. & Surety Co. v. Whitehouse-Franklin, L.L.C.*, No. 06-5554, 2007 WL 247894, at *3 (6th Cir. 2007) (describing the use of Kentucky's garnishment procedures pursuant to Rule 69); Charles A.

Wright et al., 12 *Federal Practice & Procedure: Federal Rules of Civil Procedure* § 3012 (2d ed. 2014) [hereinafter Wright & Miller] (describing garnishment as a supplementary proceeding to assist in the protection and enforcement of federal judgments).

The Court may only do so, however, if it previously rendered a money judgment, rather than a judgment for a specific act. *See* Wright & Miller § 3011. *Compare* Fed. R. Civ. P. 69(a) (referring only to money judgments), *with* Fed. R. Civ. P. 70 (referring to the performance of specific acts). In its motion to quash the writ of garnishment, KPO denies the existence of a money judgment in this case. R. 65 at 1. KPO points out that the arbitration award, as confirmed by the judgment, frames the amount owed to 7921 in terms of percentages, not fixed sums, and involves calculations that are subject to contestation. *Id.* at 3–4. But KPO cites no case law or other authority to explain why a judgment written in these terms does not qualify as a money judgment. *See id.* For the reasons described above, the Court declines to play the role of attorney and will deny KPO's motion without prejudice.

### III. 7921 and Macar's Motion to Hold the KPO Entities in Contempt

Similar principles apply to 7921 and Macar's motion to hold the KPO Entities in contempt for their alleged failure to obey this Court's lawful orders. R. 63. After the Court entered judgment in favor of 7921 and Macar, it also issued an order directing KPO to make all assignments to 7921 and Macar required by the arbitration award. R. 39 at 2. 7921 and Macar now complain that the KPO Entities did not make one of the four required assignments. R. 63 at 2. 7921 and Macar also claim that the KPO Entities failed to pay overriding royalty interests due to them under the terms of the arbitration award and the Court's judgment. *Id.* at 3. Even worse, they allege that the KPO Entities actively sought to

4

prevent them from receiving payment. *Id.* at 3–6. These allegations, if true, are certainly troubling.

Once again, however, the basic briefing requirements for motions in federal court cause 7921 and Macar's downfall. In support of their motion, 7921 and Macar cite precisely one case, from another jurisdiction, which has limited bearing on the issues implicated by their motion. *Id.* at 6 (citing *SEC v. Hyatt*, 621 F.3d 687 (7th Cir. 2010)). Their reply brief, in contrast, is replete with citations—and sets forth arguments not initially raised in the motion. *See* R. 71. The KPO Entities have had no opportunity to respond to these arguments. Due to the gravity of 7921 and Macar's allegations, the Court will order a sur-reply. *See Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)) (explaining that a sur-reply may be warranted where a reply brief contains new arguments and a nonmovant's ability to respond has been vitiated). Once the motion becomes ripe, the Court will set a hearing date if it finds that 7921 and Macar have made colorable arguments in favor of civil contempt. *See United States v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007) (requiring notice and an opportunity to be heard before holding a party in civil contempt).

Accordingly, it is **ORDERED** that:

(1)     KPO's motion to quash, R. 65, is **DENIED WITHOUT PREJUDICE**.

(2)     If KPO wishes to renew its motion to quash, it must do so by **Friday, June 13, 2014**. In its renewed motion, it must brief the following issue, providing precedent or other legal authority to support its position: Whether, under federal law, the Court's judgment in this case qualifies as a money judgment,

*see* Fed. R. Civ. P. 69(a), or a judgment for performance of a specific act, *see* Fed. R. Civ. P. 70(a).

(3) If KPO elects not to renew its motion, the Court will order any property or the proceeds of any debt belonging to KPO in Sunoco's possession applied upon the judgment pursuant to Ky. Rev. Stat. § 425.501(5).

(4) By **Friday, June 13, 2014**, the KPO Entities must also file a sur-reply that addresses the legal arguments made by 7921 and Macar in their reply brief in support of their motion for sanctions. Once this motion is ripe, the Court will schedule a hearing as necessary.

(5) In the future, the Court will deny without prejudice any motion filed without adequate, on-point citations to precedent or other legal authority.

This the 30th day of May, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge